# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |  |
|---|---|---|
| KATHY MOREE | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:11-CV-00011 |
| | § | Judge Mazzant |
| | § | |
| CITY OF SHERMAN, TEXAS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion for Summary Judgment (Dkt. #43) and Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #58). Having considered the relevant pleadings, the Court finds that Defendant's Motion for Summary Judgment (Dkt. #43) is denied, and Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #58) is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff was employed by the City of Sherman, Texas, Defendant, in the Sherman Police Department for over twenty-seven (27) years. On or about March 26, 2010, Plaintiff was discharged from her position as a Municipal Court Clerk.

On or about February 17, 2010, Plaintiff conducted a discussion via e-mail with Brandon Shelby, the city attorney, regarding a parking ordinance. Laura Barajas, the parking attendant, issued a parking ticket for backing into a parking spot in downtown Sherman. Plaintiff expected the citizen to appeal the ticket, so she began conducting research to determine which ordinance prohibited that conduct. However, she could not find an ordinance addressing the issue, and contacted Mr. Shelby

---

[1] All background facts are taken from Plaintiff's Original Complaint (Dkt. #1), Defendant's Motion for Summary Judgment (Dkt. #43), and Plaintiff's Response (Dkt. #49,50).

for further information.  This resulted in the e-mail chain at issue in the ensuing investigation.

On or about March 2, 2010, Plaintiff was called into a meeting with Ms. Barajas and Pam Green, Plaintiff's immediate supervisor.  Ms. Green informed Plaintiff that Chief of Police Tom Watt was embarrassed the previous evening at a City Council meeting where an amendment for a parking ordinance was discussed.  Chief Watt was unaware of the origination of the amendment, and was unprepared to speak regarding the amendment at the meeting.  As a result, the proposed amendment failed.  Plaintiff was asked to inform Ms. Green of concerns regarding ordinances in the future, and asked to provide Ms. Green with copies of the e-mails exchanged between Plaintiff and Mr. Shelby regarding the parking ordinance.

Plaintiff's e-mails to Mr. Shelby were saved in a folder in Microsoft Outlook entitled "BS," for "Brandon Shelby."  Plaintiff provided Ms. Green with all e-mails saved in this folder.  However, the final e-mail in the chain was omitted from the e-mails Plaintiff provided to Ms. Green.  This e-mail was of particular importance because it indicated that Plaintiff asked Mr. Shelby to put the proposed parking ordinance amendment on the agenda for the City Council meeting.  Plaintiff asserts that she inadvertently failed to provide the e-mail to Ms. Green.  Defendant contends that Plaintiff deliberately deleted the email.

After receiving the e-mail chain, Ms. Green believed that there were further e-mails, because the messages ended in an unanswered question by Mr. Shelby.  Subsequently, Ms. Green asked Plaintiff if there were any omitted e-mails, to which Plaintiff responded that there were not.  Plaintiff asserts that she searched Outlook for additional e-mails, but did not find any other e-mails that were different from those already provided.  Ms. Green then stated: "I just don't understand why [Shelby] would put this on the agenda without having been told to."  Dkt. #43 at 4.  Plaintiff responded, "I

guess he thinks if we were going to write the tickets, that the ordinance needed to be correct." *Id*.

As a result of these interactions, and after the omitted e-mail was discovered in those provided by the city attorney, Ms. Green initiated a formal complaint against Plaintiff for being untruthful and conduct unbecoming, both of which are prohibited by the City of Sherman. On March 3, 2010, Captain Otis Henry began a formal internal investigation, as well as instituted a criminal investigation against Plaintiff for Tampering with Governmental Record. On or about March 4, 2010, Plaintiff was placed on administrative leave. On March 22, 2010, Plaintiff was called into a meeting with Chief Watt, who informed her that she would have the opportunity to respond to the complaints in writing by March 24, 2010. Plaintiff completed her written response on March 24, 2010, and Chief Watt stated that it was insufficient to change his mind. Chief Watt told Plaintiff that she could retire. However, on March 26, 2010, when Plaintiff informed Chief Watt that she would not retire, he terminated Plaintiff's employment with the City of Sherman.

On January 7, 2011, Plaintiff filed her Original Complaint, alleging Defendant discriminated against her on the basis of race and gender. On January 20, 2012, Defendant filed its Motion for Summary Judgment (Dkt. #43). Plaintiff filed a Response on February 10, 2012 (Dkt. #49). On February 17, 2012, Defendant filed its Reply (Dkt. #52). On February 22, 2012, Defendant filed its Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #58). On February 29, 2012, Plaintiff filed her Response (Dkt. #60). Defendant filed its Reply on March 5, 2012 (Dkt. #61).

## MOTION TO STRIKE

As a preliminary matter, the Court addresses Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #58). Generally, Defendant argues that the Court

should strike the Affidavit of Ronald R. Huff (Dkt. #49-1) in its entirety because Mr. Huff is not a

"qualified person" for the purposes of establishing that the records provided are business records.

MOTION TO STRIKE at 3-4.  Defendant also challenges the authentication of Plaintiff's exhibits as

follows: deposition exhibit 1 attached to exhibit C (Dkt. #49-4); exhibit D (Dkt. #49-5); exhibit G

(Dkt. #49-8); exhibit H (Dkt. #49-9); and exhibit I (Dkt. #49-10).  *Id*. at 4.  Further, Defendant

asserts Plaintiff's exhibits D and C (Dkt. #49-5, 49-4) are inadmissible because they consist of

deposition testimony from an unrelated, prior lawsuit. *Id*. at 5-6.  Finally, Defendant urges the Court

to strike Plaintiff's exhibit O because it is conclusory, unsubstantiated, self-serving, and anecdotal.

*Id*. at 6-7.  The Court will consider Defendant's arguments if the Court relies upon any information

or evidence contained in the challenged exhibits or affidavits in making its decision on the summary

judgment motion.  If the Court does not rely upon statements in the affidavits to which Defendant

objects, those objections are denied as moot.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims

or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper

if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there

is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).  The trial court must resolve all reasonable doubts in favor of the party

opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut.*

*Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted).  The substantive law identifies which

facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## ANALYSIS

Defendant contends that Plaintiff's claims should be dismissed for the following reasons: (1) Plaintiff cannot prove that someone outside of her protected class replaced her; (2) Plaintiff cannot satisfy her burden to show that she received less-favorable treatment than a similarly situated employee who was retained by the Sherman Police Department; and (3) Defendant had a legitimate, non-discriminatory reason for its decision to terminate Plaintiff. Dkt. #43 at 1-2.

Title VII proscribes an employer from discharging or otherwise discriminating against any individual because of that individual's sex. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Under the ADEA, it is "unlawful for an employer... to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges

of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Intentional discrimination

may be shown by either direct or circumstantial evidence. *Alvarado,* 492 F.3d at 611 (citing *Wallace*

*v. Methodist Hosp. Sys*., 271 F.3d 212, 219 (5th Cir. 2001)).  "Direct evidence is evidence that, if

believed, proves the fact of discriminatory animus without inference or presumption." *Sandstand*

*v. CB Richard Ellis, Inc*., 309 F.3d 893, 897 (5th Cir. 2002).  Plaintiff presents no direct evidence

of discrimination, therefore, her claim will be analyzed using the framework in *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792 (1973).  *Alvarado*, 492 F.3d at 611.  A plaintiff must first establish a

prima facie case of intentional discrimination.  *Id*.  If Plaintiff satisfies this requirement, the burden

shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.  *Id*.  "If the

employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the

plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext

for discrimination; or (2) that the employer's reason, while true, is not the only reason for its

conduct, and another motivating factor is the plaintiff's protected characteristic." *Id*. (citing *Rachid*

*v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

     To establish a prima facie case of sex discrimination, Plaintiff must show: (1) she is a

member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse

employment action; and (4) others similarly situated but outside the protected class were treated

more favorably.  *Alvarado*, 492 F.3d at 611.  It is undisputed that Plaintiff satisfies the first three

elements of her prima facie case for the purposes of this motion.  Defendant argues that Plaintiff

cannot satisfy the fourth element of her prima facie case because she cannot demonstrate that other,

similarly situated male employees were treated more favorably.

     "Similarly situated employees are employees who are treated more favorably in nearly

identical circumstances; the Fifth Circuit defines similarly situated narrowly." *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 856-57 (S.D. Tex. 2010) (internal citations and quotations omitted). "Where different decision makers or supervisors are involved, their decisions are rarely 'similarly situated' in relevant ways for establishing a prima facie case." *Id*. (citing *Thompson v. Exxon Mobil Corp*., 344 F. Supp. 2d 971 (E.D. Tex. 2004). The Fifth Circuit has described "similarly situated" employees as follows:

> The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the "difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer," the employees are not similarly situated for the purposes of employment discrimination analysis.

*Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009).

Plaintiff contends several male employees also committed serious acts of dishonesty or violations of integrity, and were treated more favorably by Defendant.[2] For example, three male captains in the fire department were demoted in 2007 for cheating on their state EMT examinations.

---

[2] Defendant contends that Plaintiff's evidence, exhibits C and D, are not properly authenticated and contain inadmissible references to prior deposition testimony. However, the Court finds that this evidence, which is the deposition testimony of Mr. Olson, the City Manager of Sherman, is admissible summary judgment evidence. First, Federal Rule of Civil Procedure 56(c) allows for the use of deposition testimony as proper evidence to support summary judgment. *See also* FED. R. CIV. P. 32(a) & (a)(2). Further, Mr. Huff's affidavit is proper to show that the evidence submitted was obtained in the process of litigation. Finally, after the Court's review, exhibit D contains no mention of prior deposition testimony. However, both exhibits C and D are admissible to the extent that Mr. Olson testifies regarding his personal knowledge of the events in question. In exhibit C, references to prior deposition testimony will not be considered; therefore, for the purposes of this motion, the Court will not consider the following portions of exhibit C: page 21, line 15-20; and page 30, line 2-3.

Further, the Court finds that document 1 attached to exhibit C was properly authenticated in the deposition testimony of Mr. Olson within exhibit C. Therefore, Defendant's objections to Mr. Huff's affidavit, document 1 attached to exhibit C, and exhibit D are overruled.

These employees were not terminated by Mr. Olson because they were long-term employees and had clean records prior to cheating on their exams. Further, a former chief of police was not discharged in 2004 when he was stopped for driving while intoxicated by Defendant's police officers. He was simply taken home. Finally, Plaintiff also contends that Kent Buskirk, a male employee in the IT department, has been reprimanded for not completing work assignments, and arrived at work intoxicated on one occasion.[3] He has not been discharged.

Although demonstrating that Plaintiff's comparators are "similarly situated" is a stringent test, the Court finds that a reasonable jury, properly instructed, could find that the comparators are similarly situated. From the evidence submitted, it appears that all city employees are subject to Defendant's policies on truthfulness, integrity, and conduct unbecoming. In addition, it appears that the ultimate decision on termination or other appropriate punishment for city employees rests with Mr. Olson, the city manager. In addition, similar to the three fire captains disciplined for cheating, Plaintiff has worked for Defendant for twenty-seven (27) years, and has a favorable record of employment with Defendant. In fact, she was the Police Department's Civilian Employee of the Year in 2006, and received other awards prior to that date. In addition, the comparators all committed what would be considered violations of either policy regarding truthfulness or conduct unbecoming. Finally, the difference between Plaintiff's conduct and the conduct of those alleged to be similarly situated does not account for the difference in treatment received from Defendant. It is clear that the male employees discussed above committed serious acts of dishonesty and, in

---

[3] Defendant asserts that Plaintiff's affidavit, exhibit O, is inadmissible because it is conclusory, unsubstantiated, self-serving, and anecdotal. However, Plaintiff was employed by Defendant for twenty-seven (27) years, and testifies to facts that are within her personal knowledge. *See* FED. R. CIV. P. 56(e)(1). Therefore, Defendant's objections are overruled.

some cases, violated the law.  If Defendant's allegations are believed, at most Plaintiff deleted an

e-mail message and lied to her supervisor about deleting it.  This discrepancy in treatment could

cause a reasonable jury to find for the Plaintiff.  The Court finds that Plaintiff has established a prima

facie case of sex discrimination.

To establish a prima facie case for age discrimination, Plaintiff must show: (1) she was

discharged; (2) she was qualified for the position; (3) she was within the protected class at the time

of discharge; and (4) she was either (i) replaced by someone outside the protected class, (ii) replaced

by someone younger, or (iii) otherwise discharged because of her age.  *Palasota v. Haggar Clothing*

*Co.*, 342 F.3d 569, 575-76 (5th Cir. 2003); *Rexses v. Goodyear Tire & Rubber Co.*, 401 F. App'x

866, 868 (5th Cir. 2010).  The third alternative of the last element applies in circumstances where

the plaintiff is not replaced.  *Rexses*, 401 F. App'x at 868.  It is undisputed that Plaintiff satisfies the

first three elements of her prima facie case for the purposes of this motion.  Defendant argues that

Plaintiff cannot satisfy the fourth element because she cannot demonstrate that she was replaced by

someone outside the protected class, replaced by someone younger, or otherwise discharged because

of her age.

Defendant contends that Plaintiff was replaced by Reba Hopson, another employee of

Defendant working in another department at the time of Plaintiff's discharge.  Defendant argues that

Ms. Hopson is older than Plaintiff, so Plaintiff cannot meet her burden.  First, the Court notes that

there is insufficient evidence to determine that Ms. Hopson is, in fact, older than Plaintiff.  The only

evidence provided by either party on this point is the testimony of Plaintiff that she thought Ms.

Hopson was older than she.  Further, the Court finds that a reasonable jury could find that Plaintiff

was not replaced.  "A terminated employee has not been 'replaced' when his position is eliminated

and his former duties are distributed among other co-workers." *Rexses*, 401 F. App'x at 868 (citing *Dulin v. Dover Elevator Co.*, 139 F.3d 898 (5th Cir. 1998) (holding that "when an employee's position has been eliminated and the job duties reassigned to existing employees, that employee has not been replaced."). That is exactly what happened here. Pam Green, Plaintiff's supervisor, testified that after Plaintiff was discharged, Reba Hopson, an existing employee in the records division, was moved back to do some of the duties of the municipal court clerk position. In addition, Ms. Green testified that her duties have changed to absorb the duties of a court clerk, in addition to her duties as supervisor of the municipal courts. Ms. Green notes that, "we have all had to change our duties..." indicating that the positions of all the municipal court clerks have been modified to account for the discharge of Plaintiff. Dkt. #43-8 at 43.

Plaintiff presents two examples of age discrimination to satisfy her burden to show she was "otherwise discharged because of her age." Plaintiff's evidence indicates that Amanda Harris, approximate age 30, confirmed a warrant on the wrong person and was not discharged. Plaintiff's evidence also indicates that Andrea Campbell, approximate age 25, has been disciplined on numerous occasions for rude behavior toward citizens. Therefore, the Court finds that Plaintiff has presented a prima facie case of age discrimination.

Since Plaintiff has established a prima facie case for sex and age discrimination, the burden shifts to Defendant, the employer, to articulate a legitimate, non-discriminatory reason for its actions. *Alvarado*, 492 F.3d at 611. Defendant has shown that it discharged Plaintiff following an investigation in which Defendant found Plaintiff was dishonest with her supervisor and engaged in conduct unbecoming. The Court finds that this is a legitimate, non-discriminatory reason for its decision to discharge Plaintiff.

Finally, the burden shifts back to Plaintiff to establish either: (1) that the employer's proffered reason is not true, but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor is Plaintiff's protected characteristic.  Plaintiff must establish pretext "either through evidence of disparate treatment or by showing that the employer's explanation is false or unworthy of credence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Plaintiff asserts that Defendant's reason for discharging Plaintiff is false and unworthy of credence.  Plaintiff contends that Defendant never examined Plaintiff's computer before accusing her of deleting the e-mail and lying to her supervisor.  Further, Plaintiff argues that a subsequent examination of her computer by IT personnel revealed that the e-mail was not deleted, but remained in Plaintiff's "Sent Folder."  Plaintiff asserts she did not delete the e-mail, and did not intentionally lie to her supervisor.  Plaintiff saved all correspondence from Brandon Shelby in a folder created in Outlook e-mail.  Plaintiff argues that she inadvertently omitted the final e-mail message in the chain because it was not included in the designated folder.  Further, Defendant never asked Plaintiff to confirm the e-mails she submitted to her supervisor to determine that all e-mails were included.  At the time of Plaintiff's discharge, there was no internal policy regarding maintaining e-mail communications.

Further, it appears that Defendant was offended by the placement of a parking ordinance amendment on the City Council meeting agenda.  Plaintiff argues that she was unaware of the proper procedure for placing such an item on the agenda, and that she believed Brandon Shelby, the city attorney, would follow the proper procedure. Plaintiff was never told until after the incident in question to report all parking ordinance amendments to her supervisor, Pam Green.  Plaintiff asserts

that she was conducting her duties as she had been for the past twenty-seven (27) years.

This evidence, when viewed as a whole and in the light most favorable to Plaintiff, casts doubt on Defendant's proffered non-discriminatory reason for discharging Plaintiff, and undermines its credibility. *See Vaughn v. Woodforest Bank*, 665 F.3d 632, 639 (5th Cir. 2011). "Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). A jury could draw inferences from this evidence and reasonably conclude that Defendant exaggerated its concern over Plaintiff's "untruthfulness" and that the failure to provide this e-mail to her supervisor was not the real reason she was fired. Therefore, the Court finds this evidence is sufficient to raise a genuine issue of material fact as to whether Defendant's explanation is not the true reason for Plaintiff's discharge, but rather pretext for age or gender discrimination. *Vaughn*, 665 F.3d at 639.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Summary Judgment (Dkt. #43) is DENIED.

Further, the Court finds that Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #58) is GRANTED in part and DENIED in part.

**It is SO ORDERED.**
**SIGNED this 20th day of March, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE