# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHY MOREE | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:11-CV-00011 |
| | § | Judge Mazzant |
| | § | |
| CITY OF SHERMAN, TEXAS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Dkt. #101). Having considered the relevant pleadings, the Court finds the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Kathy Moree was terminated from her employment with Defendant City of Sherman, Texas, for untruthfulness and conduct unbecoming. Plaintiff brought claims against Defendant for discrimination on the basis of age and gender (Dkt. #1). This Court conducted a trial on the merits, which began April 9, 2012 (Dkt. #87). The Court submitted the case to the jury for deliberations on April 11, 2012 (Dkt. #118). On April 12, 2012, the jury returned a partial verdict for Plaintiff (Dkt. #95). The jury found that Defendant discharged Plaintiff because of her gender, and awarded $64,166 to Plaintiff in back pay and benefits. *Id*. The jury found that Defendant did not discharge Plaintiff because of her age. *Id*. In addition, the jury found that Plaintiff was not entitled to punitive damages. *Id*. This Court rendered judgment on the verdict of the jury, which was entered on April 27, 2012 (Dkt. #100).

On May 2, 2012, Plaintiff filed its Motion for Attorney's Fees (Dkt. #101). On May 9, 2012, Defendant requested to file its Adversary Submission on Plaintiff's Motion (Dkt. #105),

and the Court granted that request (Dkt. #106). Defendant filed its Adversary Submission on Plaintiff's Motion for Attorney's Fees on May 25, 2012 (Dkt. #109). On June 7, 2012, Plaintiff filed her reply (Dkt. #111). Defendant filed its sur-reply on June 14, 2012 (Dkt. #122).

## ANALYSIS

Plaintiff has requested $115,131.25 for reasonable attorney's fees and related nontaxable expenses (Dkt. #101 at 1). In adjudicating an attorneys' fee award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, the Court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Riley*, 99 F.3d at 760; *Louisiana Power & Light Co.*, 50 F.3d at 331. The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n. 5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205,

209 (5th Cir. 1998). The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

The first step in the lodestar analysis requires a determination of the reasonable number of hours expended by Plaintiff's counsel, as well as a reasonable hourly rate. Counsel for Plaintiff asserts that he expended 269.50 hours and charged a reasonable rate of $400.00 per hour (Dkt. #101 at 2). Plaintiff's counsel also contends that his legal assistant expended 97.75 hours and charged a reasonable rate of $75.00 per hour. *Id*. Defendant asserts that Plaintiff's counsel's hourly rate is unreasonable, and the hours billed prior to the initiation of the lawsuit are unreasonable (Dkt. #109-1 at 3-4).

During this litigation, Plaintiff was represented by Mr. Huff. Mr. Huff asserts that his base hourly wage for civil litigation and appeals is $275.00 (Dkt. #101, Exhibit A at 1). However, he asserts that "employment related litigation typically involves more complex legal issues and is fact-intensive." *Id*. Therefore, Mr. Huff asserts that his hourly rate for employment related cases is $400.00 per hour. *Id*. at 2. Defendant contends that this hourly rate is unreasonable (Dkt. #109-1, ¶ 8). Defendant argues that a standard and customary fee in Grayson County, North Texas, and East Texas for similar legal services ranges from $250.00 to $350.00 per hour. *Id*. Defendant contends that the legal issues in this case were factually and legally straightforward, the discovery and pretrial phases were routine, the jury trial was standard for cases of this type, and did not provide any unique time constraints. *Id*. at ¶¶ 10-11. Defendant contends that Mr. Huff's affidavit does not provide any reason why the Court should find a higher fee is appropriate for this case.

The Court finds that $350.00 is a reasonable hourly rate for attorney's fees for this type of lawsuit in North Texas. This is the same amount awarded by this Court in 2010 in *Giesler v.*

*Ruiz Food Products, Inc.*, No. 4:08-cv-344, 2010 WL 786028 (E.D. Tex. Mar. 2, 2010), another Title VII employment case. The Court also finds that $75.00 is a reasonable hourly rate for a legal assistant.

Defendant also argues that the 13.25 hours that were billed prior to instituting the lawsuit were not reasonable, necessary, or related to the lawsuit. The Court agrees, and will not include those hours in its calculation of the lodestar fee. Therefore, the Court will reduce Mr. Huff's total hours to 257.25 at a rate of $350.00 per hour, which equals $90,037.50. In addition, the Court will reduce Mr. Huff's legal assistant's total hours to 96.75 at a rate of $75.00 per hour, which equals $7,256.25.

The second step of the lodestar method requires the Court to consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court finds that most of the factors are subsumed within the initial calculation, such as awards in similar cases, the time and labor required for litigation, the novelty and difficulty of the questions, the skill required to perform the legal services, the amount involved and the result obtained, the experience of the attorneys, and the nature and length of the professional relationship with the client. Mr. Huff does not argue that this case precluded him from taking other employment, imposed rigorous time limitations, or that the case was undesirable.

Defendant argues that the lodestar should be adjusted downward because Mr. Huff agreed to represent Plaintiff on a contingency basis. As a result of this agreement, Defendant calculates Mr. Huff would be entitled to a contingency fee of $25,666.40. Defendant argues that Mr. Huff's request for attorney's fees is significantly larger than the amount he could expect to recover under the agreement, and that this justifies a downward adjustment to the lodestar fee.

There is a strong presumption that the lodestar is a reasonable fee, and the fee applicant bears the burden of demonstrating that an adjustment by application of the *Johnson* factors is necessary to calculate a reasonable fee. *Walker v. Dept. of HUD*, 99 F.3d 761, 771 (5th Cir.1996). The Court finds there is no reason to adjust the lodestar fee either upward or downward.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Attorney's Fees (Dkt. #101) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendant shall pay to Plaintiff a sum of $97,293.75, which is comprised of reasonable and necessary attorney's fees.

**IT IS SO ORDERED**.
**SIGNED this 31st day of July, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE